SHILLAT, Plaintiff-Appellee, v. CLEVELAND (City) et, Defendants-Appellants.

MURRAY, Plaintiff-Appellee, v. CLEVELAND (City) et, Defendants-Appellants.

LUCAS, Plaintiff-Appellee, v. CLEVELAND (City) et, Defendants-Appellants.

Ohio Appeals, Eighth District, Cuyahoga County.

Nos. 22666, 22667, 22668.   Decided June 8, 1953.

Neil W. McGill, Cleveland, for appellee Shillat.
Martin L. Sweeney, Cleveland, for appellee Murray.
Parker Fulton, Cleveland, for appellee Lucas.
Jos. H. Crowley, Director of Law, Chas. W. White, Assistant Director of Law, Cleveland, for appellants.

## OPINION

PER CURIAM:

This appeal comes to this Court on questions of law from judgments entered in the Common Pleas Court of Cuyahoga County, where, upon appeal to said Court by these appellees from separate orders of the Civil Service Commission of the City of Cleveland reducing each of the appellees in rank as members of the police department of the City of Cleveland, the said court found that "sufficient grounds for removal" had not been shown and the orders of the Civil Service Commission were therefore set aside and held for naught.

The appellants claim the following errors:

1. In failing to grant motion to strike a paper filed in the case and designated as "Petition on Appeal" from the files;

2. In overruling motions to dismiss appeals;

3. The judgment on the merits is against the weight of the evidence.

4. The judgment is contrary to law.

The appellees were charged by the Chief of Police with gross neglect of duty in an investigation of whether or not commercial gambling was then being illegally conducted in a room known as 3343 West 120 Street in

Cleveland. Each of the appellees was separately charged but a joint trial was had before the Director of Public Safety and before the Civil Service Commission and the Common Pleas Court on the record produced before the Director of Public Safety, and these appeals were here jointly presented upon the same record.

The record discloses clearly that the trial court, by its decision, reviewed the complete record of the trial before the Civil Service Commission for the purpose of "determining the sufficiency of the cause of removal."

This court withheld decision in these appeals awaiting the decision of the Supreme Court in the cases of Sorge v. Sutton et al and Kelch v. Sutton et al, 159 Oh St 574. These cases have just been reported (June 3, 1953). The Supreme Court here decided the character of the "Appeal" to which an officer is entitled to the common pleas court from a decision of the Civil Service Commission in case of his removal from office under the provisions of §457-17a GC. The syllabus of these cases provide:

"1. The word 'appeal' has no conclusive meaning, and where by statute there is given a right of 'appeal' to a designated court from an order or decision of an administrative agency, it is necessary to examine the context of the statute to determine the powers and functions of such court on the appeal.

2. Under §486-17a GC, the 'appeal' from a decision of a municipal civil service commission to the Court of Common Pleas, 'to determine the sufficiency of the cause of removal' accorded members of police and fire departments in the classified civil service contemplates only a review of the proceedings, before the commission, as to their legality and regularity and to determine the sufficiency of the cause of removal and not a trial de novo."

The record discloses that the "appeal" afforded the parties herein was in full and complete accord with the foregoing holding of the Supreme Court. The Common Pleas Court reviewed the trial before the Civil Service Commission to determine its regularity, legality and whether the evidence was sufficient to justify the removal of the appellees. The Court of Common Pleas concluded that while the trial was regular and legal in all respects, yet the evidence was not sufficient to justify the order of the commission in reducing the rank of the appellees in the police department of the City of Cleveland.

In the review of that judgment before this court on questions of law there being credible evidence upon which such judgment of the Common Pleas Court was founded we are unable to say that such judgment is manifestly against the weight of the evidence or that the court was guilty of an abuse of discretion under all of the circumstances of the case.

One other question is presented. The statute gives the right of appeal to the Common Pleas Court in case of "removal" of a police officer after trial upon charges before the Civil Service Commission. It is claimed by the appellant that the judgment here entered was "reduction in rank" and not "removal". It is therefore claimed, as a matter of law, that the Common Pleas Court was without jurisdiction to consider this appeal. The Supreme Court in the case of State ex rel Sidell v. Cole, Director, etc., 147 Oh St 203, held in para 1 of the syllabus:

392

Under the cognate provisions of amended §§486-17, 486-17a and 486-17b GC, a member of a fire department who has been reduced in rank may appeal to the Court of Common Pleas from the decision of the Civil Service Commission."

This court is bound by the rule as thus stated.

For the foregoing reasons the judgment of the Common Pleas Court is affirmed. Exceptions noted. Order see journal.

HURD, PJ, KOVACHY, J, SKEEL, J, concur.